Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiffs*



### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID YOUNG-WOLFF, THE ESTATE OF MICHAEL NEWMAN, LAURA DWIGHT, ED BOCK, and LEIF SKOOGFORS; <br><br> *Plaintiffs,* <br><br> v. <br><br> SCHOLASTIC CORPORATION, <br><br> *Defendant.* | Case No.: <br><br><br> **COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiffs DAVID YOUNG-WOLFF, THE ESTATE OF MICHAEL NEWMAN, LAURA DWIGHT, ED BOCK, and LEIF SKOOGFORS (collectively "Plaintiffs"); by and through undersigned counsel, pursuant the applicable Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, hereby demand a trial by jury of all claims and issues so triable and for their Complaint against Defendant SCHOLASTIC CORPORATION ("Defendant" or "Scholastic"), hereby assert and allege as follows:

## JURISDICTION AND VENUE

1.     This is an action for copyright infringement and related claims brought by Plaintiffs related to Defendant's unauthorized and infringing uses of Plaintiffs' copyrighted photographs.

2.     Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"); and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights); and 28 U.S.C. § 1367.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendant resides in this District and a substantial portion of the misconduct by Defendant giving rise to the claims asserted herein occurred in this District, and 28 U.S.C. § 1400(a) since Defendant resides or may be found in this District.  Further, Defendant's primary place of business is in this District, Defendant conducts substantial business in this District, Defendant is subject to personal jurisdiction in the State of New York, and Defendant has infringed Plaintiffs' copyrights in the State of New York and this District.

## FACTUAL ALLEGATIONS

1.     David Young-Wolff, a resident of the State of California, is a professional photographer who makes his living taking and licensing photographs.

2.     Michael Newman, now deceased, was a resident of the State of California, and was a professional photographer who made his living taking and licensing photographs.

3.      Laura Dwight, a resident of the State of New York, is a professional photographer who makes her living taking and licensing photographs.

4.      Ed Bock, a resident of the State of Minnesota, is a professional photographer who makes his living taking and licensing photographs.

5.      Lief Skoogfors, a resident of the State of Pennsylvania, is a professional photographer who makes his living taking and licensing photographs.

6.      Plaintiffs have registered their copyrights in the photographic works at issue in this case with the United States Copyright Office.

7.      Defendant is a Delaware corporation with its principle place of business in New York, New York.

8.      Upon information and belief, Defendant also does business as Scholastic Inc.

9.      Defendant is a publishing company in the business of creating and publishing educational textbooks, instructional technology materials, reference works, and other similar materials and publications.

10.      Defendant sells and distributes textbooks throughout the United States, including through various companies, divisions, and imprints.

11.      Defendant used and continues to use Plaintiffs' photographs in numerous programs and publications.

12.      Defendant obtained Plaintiffs' photographs either directly from Plaintiffs or from Plaintiffs' licensing agents or both.

13.      The images at issue in this suit were licensed to Defendant for limited uses and subject to specific terms and conditions; Defendant did not acquire any copyrights or ownership interests in the images at issue here.

14.     In obtaining copies of Plaintiffs' photographs, Defendant represented to Plaintiffs or their licensing agents that it would not – and understood that it could – not make any subsequent uses of these photographs without prior permission and payment of agreed-upon license fees.

15.     Upon information and belief, Defendant infringed Plaintiffs' exclusive rights in and to the photographs identified herein by exploiting Plaintiffs' photographs without permission; using Plaintiff's images prior to obtaining permission; and exploiting Plaintiffs' photographs in excess of applicable license restrictions.

### Defendant's *READ 180* Program

16.     Defendant created and owns a comprehensive reading intervention program entitled or referred to as *READ 180*.

17.     Defendant's *READ 180* program is divided into three "stages" identified as "Stage A" for elementary school students; "Stage B" for middle school students; and "Stage C" for high school students.   Each "stage" of Defendant's *READ 180* program includes numerous publications, web-based instructional materials, interactive worktexts, and associated products.

18.     Two central components of Defendant's *READ 180* program are "rBooks" and "LBooks."

19.     Defendant's "rBooks" are reading and writing instructional publications that include interactive "workshops" for students and instructors.

20.     Defendant's "LBooks" work in conjunction with its "rBooks" but provide focused instruction on language and literacy.

21.     Defendant has created and published numerous iterations or editions of its *READ 180* program and the publications associated with this program.

22.     Most recently, Defendant launched *READ 180 Next Generation*.

23.     Upon information and belief, Defendant's *READ 180 Next Generation* includes at least five (5) rBooks, 61 paperback publications, and numerous implementation guides, teachers' editions, and other publications and associated materials.

24.     The infringements at issue in this suit occurred on or about the publication date of each infringing publication, and on or about the date of any subsequent print runs that Defendant ordered of those infringing publications.  Defendant remains in sole possession of the exact dates on which it published the infringing publications at issue here.

### Defendant's Infringing Use of Plaintiffs' Photographs

25.     Upon information and belief, Defendant published Plaintiff David Young-Wolff's photographs at least 14 times in its *READ 180* program without a license or in excess of any applicable license as more fully alleged herein.

26.     Upon information and belief, Defendant obtained certain of the Young-Wolff images that it published in *READ 180* from Plaintiff Young-Wolff's licensing agent PhotoEdit.

27.     The Young-Wolff images that Defendant obtained from PhotoEdit are identified as Image ID Nos. TEN401DYW006-001; CAR387DYW021-002; TEN541DYW045-001; SHP701DYW016-001; TEN351DYW045-001; SPT602DYW024-001; MON375DYW079-001; and SHP161DYW089-001.

28.     Upon information and belief, Defendant also obtained certain of the Young-Wolff images that it published in *READ 180* from Plaintiff Young-Wolff's licensing agent Getty Images, including the photo identified as Image ID No. 865123-002.

29.     Upon information and belief, Defendant published at least seven of Plaintiff Michael Newman's photographs in its *READ 180* program without a license or in excess of any applicable license as more fully alleged herein.

30.     Upon information and belief, Defendant obtained certain of the Newman images that it published in *READ 180* from Plaintiff Newman's licensing agent PhotoEdit.

31.     The Newman images that Defendant obtained from PhotoEdit are identified as Image ID Nos. MUS701MN 023-001; MON471MN 027-002; MOV001MN 005-002; TEN065MN 014-002; MED545MN 066-001; GAR101MN 05-002; and MED155MN 025-001.

32.     Upon information and belief, Defendant published at least one of Plaintiff Laura Dwight's photographs in its *READ 180* program without a license or in excess of any applicable license as more fully alleged herein.

33.     Upon information and belief, Defendant obtained the Dwight image that published in *READ 180* from Plaintiff Dwight's licensing agent PhotoEdit.

34.     The Dwight image that Defendant obtained from PhotoEdit is identified as Image ID No. REF151LD-002-001.

35.     Upon information and belief, Defendant published at least one of Plaintiff Ed Bock's photographs in its *READ 180* program without a license or in excess of any applicable license as more fully alleged herein.

36.     Upon information and belief, Defendant obtained the Bock image that it published in *READ 180* from Plaintiff Bock's licensing agent Corbis.

37.     The Bock image that Defendant obtained from Corbis is identified as Image ID No. PE-321-0134.

38.   Upon information and belief, Defendant published at least one of Plaintiff Leif Skoogfors' photographs in its *READ 180* program without a license or in excess of any applicable license as more fully alleged herein.

39.   The Skoogfors image that Defendant obtained from Corbis is identified as Image ID No. EF002421.

### Defendant's Pattern of Infringement

40.   The infringing uses identified herein are not the only third-party content that Defendant published in the publications associated with its *READ 180 Next Generation* program without a license or permission.

41.   Upon information and belief, Defendant failed to obtain the necessary licenses for hundreds of third-party photographs that it published in publications and materials associated with the *READ 180 Next Generation* program.

42.   Defendant's unauthorized and infringing use of Plaintiff's photographs in the *READ 180* program thus is part of a broader pattern and practice of Defendant infringing and misappropriating third-party photographic content, including by using third-party images prior to obtaining permission and using third-party images in excess of applicable license restrictions.

43.   This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works.

44.   Because critical information remains in Defendant's sole possession, the full scope of Defendant's unauthorized and infringing uses of Plaintiffs' photographs and other third-party content has not yet been ascertained.

45.   Upon information and belief, a reasonable opportunity for further investigation and discovery will confirm that Defendant's unauthorized, unlicensed, and/or infringing use and

exploitation of Plaintiffs' images is not limited to the photographic works identified herein.

46.    Upon information and belief, a reasonable opportunity for further investigation and discovery will confirm that Defendant's unauthorized, unlicensed, and/or infringing use of Plaintiffs' images is not limited to the particular publications identified herein.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

47.    Plaintiffs repeat and re-allege each allegation set forth in all paragraphs above as if set forth fully herein.

48.    Plaintiffs created the images identified herein.

49.    Plaintiffs' copyrights in and to the photographs identified herein are registered with the U.S. Copyright Office.

50.    Defendant infringed Plaintiffs' exclusive rights in and to the photographs identified herein.

51.    Upon information and belief, Defendant infringed Plaintiffs' exclusive rights in and to their creative works by exploiting these photographs without permission; using these images prior to obtaining permission; and exploiting Plaintiffs' photographs in excess of applicable license restrictions.

52.    Defendant's conduct as alleged herein constitutes infringement of Plaintiffs' copyrights.

53.    Defendant misappropriated and made unauthorized uses of Plaintiffs' intellectual property for its own profit.

54.    Defendant has benefitted and continues to financially benefit from its various uncompensated and infringing uses of Plaintiffs' creative works.

55.    Defendant's conduct was intentional, willful, reckless, and/or malicious.

8

56.     Defendant, by these various willful and knowing actions, injured Plaintiffs, including by depriving Plaintiffs of their rightful compensation for the use of these creative works and by interfering with and violating Plaintiffs' exclusive rights in and to these photographs.

57.     Defendant's unauthorized and infringing conduct caused Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

58.     Defendant's effort to conceal its unauthorized uses demonstrates that its conduct is willful.

59.     Defendant's effort to obtain licenses after using Plaintiffs' images without permission demonstrates that its conduct is willful.

60.     Defendant's effort to conceal its unauthorized use of Plaintiffs' creative works by refusing to disclose that information to Plaintiffs and their agents in licensing negotiations demonstrates that it was fully aware that its use was unauthorized and thus infringing.

61.     Defendant's efforts to attempt to ratify its unauthorized use of Plaintiffs' creative works by attempting to obtain licenses after it already began using these photographs demonstrate that it was fully aware that its use of these photographs required a license and thus that its use without or prior to obtaining a license was unauthorized and thus infringing.

62.     Upon information and belief, the various infringements of Plaintiffs' rights identified herein are part of a broader pattern and practice of Defendant infringing and misappropriating third-party photographic content, including by using third-party images prior to obtaining permission and using third-party images in excess of applicable license restrictions.

63.     This pattern and practice of misappropriating third-party content constitutes a habit of infringement.

64.     This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works, including images owned by Plaintiffs.

65.     Plaintiffs seek all damages recoverable under any applicable agreements and/or under the Copyright Act, including statutory or actual damages and Defendant's profits attributable to the infringing use of Plaintiffs' creative works and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

66.     Upon information and belief, Defendant also exceeded the scope of its licenses to use third-party photographic content in the prior editions of its *READ 180 ®* program, including by exceeding its limited print run, using the content in publications or editions for which it did not obtain a license, and/or using the content prior to obtaining a license.

WHEREFORE, Plaintiffs respectfully pray for judgment and for the following relief:

1.      A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, advertising, promoting, selling or offering to sell Plaintiffs' photographs or creating, obtaining and using substantially similar photographs in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing Plaintiffs' photographs described in this complaint in the control or possession of Defendant;

2.      All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue, and Defendant's profits attributable to infringement and damages suffered as a result of the lack of credit and attribution;

3.      All damages allowed under any applicable contracts or agreements;

4.      Plaintiffs' full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5.      All allowable damages caused by and/or resulting from Defendant's violation and infringement of Plaintiffs' rights in and to this creative visual works;

6.      Any other relief authorized by law, including heightened statutory damages; and

7.      For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

11

Dated July 8, 2014
New York, New York.

Respectfully submitted,

NELSON & McCULLOCH LLP

By:   _____

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

DAVID YOUNG-WOLFF, THE ESTATE OF
MICHAEL NEWMAN, LAURA DWIGHT, ED
BOCK, and LEIF SKOOGFORS,

_____
_Plaintiffs,_

SCHOLASTIC CORPORATION,

_____
_Defendants._

**14 CV   5089**

) Civil Action No.

) JUDGE STANTON

## SUMMONS IN A CIVIL ACTION

To:       Scholastic Corporation
**Principal Executive Office**
Scholastic Inc.
557 Broadway
New York, New York, 10012
**Registered Agent**
CT Corporation System
111 Eighth Avenue
New York, New York 10011

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received
it) — or 60 days if you are the United States or a United States agency, or an officer or employee
of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the
plaintiff an answer to the attached first amended complaint or a motion under Rule 12 of the
Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or
plaintiff's attorney, whose name and address are:

Nelson & McCulloch LLP
155 East 56th Street
New York, NY 10022

If you fail to respond, judgment by default will be entered against you for the relief demanded in the
complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
_CLERK OF THE COURT_

Date: JUL 0 8 2014  _____    _____
_Signature of Clerk or Deputy Clerk_