UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DAVID YOUNG-WOLFF, THE ESTATE OF :
MICHAEL NEWMAN, LAURA DWIGHT, ED :
BOCK, AND LEIF SKOOGFORS; : Case No: 14 Civ. 5089 (LLS)
 :
                 Plaintiffs, :
 :
     v. :
 :
SCHOLASTIC CORPORATION, :
 :
                 Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendant Scholastic Corporation*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL ALLEGATIONS ................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

STANDARD OF REVIEW ON A MOTION TO DISMISS ................................................... 4

I. PLAINTIFFS FAIL TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT .............. 4

    A.    Plaintiffs Have Not Specified Which Images Are the Subject of Their Claims ............................................................................................................. 5

    B.    Plaintiffs Have Not Identified by What Acts and During What Time Their Copyrights Were Infringed ....................................................................... 7

CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................4

*Cole v. John Wiley & Sons, Inc.*,
  No. 11 Civ. 2090, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) .............................................5, 8

*Harris v. Mills*,
  572 F.3d 66 (2d Cir. 2009) ........................................................................................................4

*Jacobs v. Carnival Corp.*,
  No. 06 Civ. 0606, 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) ............................................4, 5

*Lennon v. Seaman*,
  No. 99 Civ. 2664, 2002 WL 109525 (S.D.N.Y. Jan. 28, 2002) .................................................7

*Marvullo v. Gruner & Jahr*,
  105 F. Supp. 2d 225 (S.D.N.Y. 2000) .......................................................................................7

*Palmer Kane LLC v. Scholastic Corp.*,
  No. 12 Civ. 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ........................................5, 6, 7

*Palmer Kane LLC v. Scholastic Corporation*,
  No. 11-cv-7456 (S.D.N.Y.) (KBF), Doc No. 40 ........................................................................3

*Plunket v. Doyle*,
  No. 99 Civ. 11006, 2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) ..........................................5, 6

*Sun Micro Med. Technologies Corp. v. Passport Health Commc'ns, Inc.*,
  No. 06 Civ. 2083, 2006 WL 3500702 (S.D.N.Y. Dec. 4, 2006) ................................................7

*Warren/Rubin/Young-Wolff v. John Wiley & Sons, Inc.*,
  Nos. 12 Civ. 5070; 12 Civ. 5071; 12 Civ. 5230,2013 WL 3328224, at *4
  (S.D.N.Y. July 2, 2013) .............................................................................................................6

*Young-Wolff v. John Wiley & Sons, Inc.*,
  No. 12-cv-5230 (S.D.N.Y.) (JPO) .............................................................................................6

**Other Authorities**

Federal Rules of Civil Procedure 8 ...............................................................................1, 4, 5, 8

Federal Rules of Civil Procedure 12(b)(6) ........................................................................................1

Defendant Scholastic Corporation[1] ("Scholastic") submits this Memorandum, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), in support of its Motion to Dismiss the Complaint ("Complaint") of Plaintiffs David Young-Wolff, The Estate of Michael Newman, Laura Dwight, Ed Bock, and Leif Skoogfors (together, "Plaintiffs").

## PRELIMINARY STATEMENT

This is one of a number of cases brought by stock photographers against educational publishers, including Scholastic. Plaintiffs allege that Scholastic exceeded the scope of licenses granted for the use of their images. Despite the fact that the original licenses were issued for small amounts of money (generally less than $200), these Plaintiffs and their lawyers seek to use the litigation process to extract huge settlements or damage awards. Their lawyers' strategy in these cases has been consistent. They paint the publisher as a serial offender (Compl. ¶¶ 40-44), and claim that further investigation will reveal the infringement they suspect has occurred (*Id.*, ¶¶ 45-46). Plaintiffs and their attorneys also have tried time and time again to use the litigation process to fish for information they hope will lead to more claims and more plaintiffs.

For the reasons set forth below, Plaintiffs have failed to state a claim for relief and the Complaint must be dismissed. First, Plaintiffs' copyright claim fails to identify all of the specific works at issue. Plaintiffs claim "upon information and belief" that "at least" one or more images have been infringed (Compl. ¶¶ 25, 29, 32, 35, 38) and that "a reasonable opportunity for further investigation and discovery will confirm that [the alleged infringement] is not limited to the photographic works identified herein." Compl. ¶¶ 45-46. Such allegations are insufficient to sustain their claims. Moreover, Plaintiffs have failed to identify the acts or the timeframe for

---

[1] The proper party defendant is Scholastic Inc., a wholly owned subsidiary of defendant Scholastic Corporation. For the purposes of this motion, Scholastic Inc. and Scholastic Corporation are collectively referred to as "Scholastic."

Scholastic's purported infringements, relying instead on generalized allegations of infringement made indiscriminately on behalf of all Plaintiffs. As will be shown, courts in this District have dismissed similarly worded complaints, including claims brought by the same Plaintiffs' counsel.

## FACTUAL ALLEGATIONS

The following statement of facts is based upon the allegations in the Plaintiffs' Complaint. The Plaintiffs in this action are professional photographers and the estate of deceased photographer Michael Newman, all of whom claim to hold copyrights in various "photographic works" that allegedly appear in "numerous programs and publications." Compl. ¶¶ 6, 11. Defendant Scholastic "is a publishing company specializing in the business of creating and publishing educational textbooks, instructional technology materials, reference works, and other similar materials and publications." *Id.* ¶ 9.

Plaintiffs claim generally, without making any distinction between the several photographers or images at issue, that "Defendant infringed Plaintiffs' exclusive rights in and to the photographs identified herein by exploiting Plaintiffs' photographs without permission; using Plaintiff's image prior to obtaining permission; and exploiting Plaintiffs' photographs in excess of applicable license restrictions." Compl. ¶ 15. Plaintiffs then provide general information regarding Scholastic's reading intervention program, the READ 180 Program, Compl. ¶¶ 16-24, including that it is composed of at least "three 'stages' identified as 'Stage A' for elementary school students, 'Stage B' for middle school students; and 'Stage C' for high school students[]" and that "[e]ach 'stage' of Defendant's READ 180 program includes numerous publications, web-based instruction materials, interactive worktexts, and associated products." Compl. ¶ 17. Plaintiff also states that "Defendant has created and published numerous iterations or editions of

its READ 180 program and the publications associated with this program." Compl. ¶ 21.[2] One of the iterations is "Defendant's READ 180 Next Generation, [which] includes at least five (5) rBooks, 61 paperback publications, and numerous implementation guides, teachers' editions, and other publications and associated materials." Compl. ¶ 23.

Despite acknowledging the breadth of the READ 180 program, Plaintiffs nowhere identify in which specific publications the allegedly infringing images appear. The allegations simply state, for example, that "Plaintiff David Young-Wolff's photographs appear at least 14 times in its READ 180 program" (Compl. ¶ 25) or "Defendant published at least seven of Plaintiff Michal Newman's photographs in its READ 180 program" (Compl. ¶ 29). Plaintiffs also set the timeframe of the infringements on the basis of the unidentified publications, alleging that "[t]he infringements at issue in this suit occurred on or about the publication date of each infringing publication . . .." Compl. ¶ 24. Plaintiffs then claim that "a reasonable opportunity for further investigation and discovery will confirm that [the alleged infringement] is not limited to the photographic works identified herein." Compl. ¶¶ 45-46.

The Complaint contains one Claim only -- for Copyright Infringement, which states that "[u]pon information and belief, Defendant infringed Plaintiffs' exclusive rights in and to their creative works by exploiting these photographs without permission; using these images prior to obtaining permission; and exploiting Plaintiffs' photographs in excess of applicable license restrictions." Compl. ¶ 51. Yet the only basis for this allegation is Plaintiffs' nebulous claim "upon information and belief" that Scholastic "failed to obtain the necessary licenses for

---

[2] The READ 180 Program was first published in 1999; it was then updated in 2005 (the "*Enterprise*" edition); and updated again in 2011 (the "*Next Generation*" edition). *See, e.g., Palmer Kane LLC v. Scholastic Corporation*, Case No. 11-cv-7456 (S.D.N.Y.) (KBF), Doc No. 40, *Declaration of Rosamund Else-Mitchell in Opposition to Plaintiff's Motion for Class Action*, filed May 23, 2012.

3

hundreds of third-party photographs that it published in publications and materials associated with the READ 180 Next Generation program." Compl. ¶ 41. And nowhere does the Complaint identify any particular license, either by invoice number, or approximate date that Plaintiffs contend is violated by "exploiting Plaintiffs' photographs in excess of applicable license restrictions," let alone the specific terms alleged to have been violated.

## ARGUMENT

### STANDARD OF REVIEW ON A MOTION TO DISMISS

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) mandates dismissal of a cause of action if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory averments are insufficient to meet this pleading threshold; rather, a claim must be supported by specific factual allegations, which if accepted as true, are sufficient to support the accusation's plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, "'conclusory allegations or legal conclusions masquerading as factual conclusions' will not withstand dismissal." *Jacobs v. Carnival Corp.*, No. 06 Civ. 0606, 2009 WL 856637, at *3 (S.D.N.Y. Mar. 25, 2009) (citing *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)). Pleadings that contain "no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 (plaintiff must put forth sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level" in order to survive a motion to dismiss).

### I.

### PLAINTIFFS FAIL TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Courts have determined that in copyright infringement cases, given "'the principle enshrined in Rule 8 – namely, to provide defendants fair notice against them – a plaintiff . . . may

not rest on bare-bones allegations that infringement occurred.'" *Jacobs*, 2009 WL 856637, at *4 (quoting *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004)). Rather, "Rule 8 requires that the particular infringing acts be set out with some specificity." *Id.* (internal quotations omitted). To meet the pleading requirements under FRCP 8 in a copyright infringement case, the Plaintiffs must each allege each of the following: "'(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright.'" *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890, 2013 WL 709276, at *2 (S.D.N.Y. Feb. 27, 2013) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36, n.3 (S.D.N.Y. 1992), *aff'd.*, 23 F.3d 398 (2d Cir.), *cert. denied*, 513 U.S. 950 (1994)); *Jacobs*, 2009 WL 856637, at *4 (same); *Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (same). Further, "broad, sweeping allegations of infringement do not comply with Rule 8." *Jacobs*, 2009 WL 856637, at *4 (internal quotations omitted). Based on this standard, Plaintiffs' conclusory copyright infringement claims must be dismissed.

A. **Plaintiffs Have Not Specified Which Images Are the Subject of Their Claims**

With respect to each Plaintiff, the Complaint alleges generally that "[u]pon information and belief, Defendant published <u>at least</u> [X number] of [Plaintiff]'s photographs in its *READ 180* Program without a license or in excess of any applicable licenses as more fully alleged herein." *See* Compl. ¶¶ 25, 29, 32, 35, 38 (emphasis added). Plaintiffs then claim that "a reasonable opportunity for further investigation and discovery will confirm that [the alleged infringement] is not limited to the photographic works identified herein." Compl. ¶¶ 45-46.

This allegation is insufficient to identify "which specific original works are the subject of the copyright claim." Copyright infringement claims with those exact allegations (made by the

5

same counsel representing Plaintiffs here) have been dismissed by other courts in this District. "Not only is it inadequate to base an infringement claim on overly-inclusive lists of copyrighted works, but it is also insufficient to list certain works that are the subject of an infringement claim, and then allege that the claim is also intended to cover other, unidentified works." *Cole v. John Wiley & Sons, Inc.*, No. 11 Civ. 2090, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012) (dismissing claims where plaintiff attached spreadsheets of images and alleged "a reasonable opportunity for further investigation and discovery will yield evidence that Wiley's infringing of Plaintiff's images is not limited to the photographic works identified herein"); *Plunket*, 2001 WL 175252, at *4 (dismissing infringement action where plaintiff alleged that her copyright claims were not limited to the works identified); *Palmer Kane LLC*, 2013 WL 709276, at *3 (same). Indeed, in the recent cases of *Warren/Rubin/Young-Wolff v. John Wiley & Sons, Inc.*, Nos. 12 Civ. 5070; 12 Civ. 5071; 12 Civ. 5230, 2013 WL 3328224, at *4 (S.D.N.Y. July 2, 2013), which included claims by the same counsel brought on behalf of the same Plaintiff, David Young-Wolff, Judge Oetken dismissed Young-Wolff's claims of other potential infringements, letting stand only those 17 specific claims explicitly identified in the body of the pleading by image number and the title in which each image allegedly appeared.[3]

---

[3] Following Judge Oetken's Order dismissing claims other than those relating to the 17 images identified in the Complaint, Mr. Young-Wolff admitted at his deposition that he had done no due diligence to determine a basis for his allegations of infringement prior to filing the Complaint against the Defendant, and that several of the 17 images did not even appear in the book titles as alleged in the Complaint. *See Young-Wolff v. John Wiley & Sons, Inc.*, Case No. 12-cv-5230 (S.D.N.Y.) (JPO), Doc. 60-13 (excerpts from the Deposition of David Young Wolff, dated Feb. 5, 2014) and Doc. 60-14 (Ltr. from Edward H. Rosenthal to Kevin P. McCulloch, dated May 1, 2014 at 1-3).

### B. Plaintiffs Have Not Identified by What Acts and During What Time Their Copyrights Were Infringed

Plaintiffs entirely fail to allege "by what acts and during what time" Scholastic purportedly infringed their copyrights. The Complaint merely repeats, without differentiating between any Plaintiff or any images, that "upon information and belief," Scholastic exploited their photographs "without a license or in excess of any applicable licenses." Compl. ¶¶ 25, 29, 32, 35, 38. There are no specific facts as to any of the works identified in Complaint, such as the license terms that were allegedly exceeded, or even an identification of the titles of the publications in which the images appear. These generalized pleadings cannot withstand a motion to dismiss. *See Palmer Kane LLC*, 2013 WL 709276, at *3 (the generalized and conclusive pleadings that defendant "exceeded the licenses it obtained to use Plaintiff's images, reused Plaintiffs works without a license" and used the images "without permission" or "prior to obtaining permission" were insufficient to state a claim); *Sun Micro Med. Technologies Corp. v. Passport Health Commc'ns, Inc.*, No. 06 Civ. 2083, 2006 WL 3500702, at *12 (S.D.N.Y. Dec. 4, 2006) ("general allegations as to acts of infringement are insufficient at the pleading stage").

Not only does Plaintiffs' pleading presume infringement without any specific allegation, but the pleading also fails to give any indication of the timeframe during which each undescribed infringement may have occurred. The only hint is Plaintiffs' claim that "[t]he infringement at issue in this suit occurred on or about the publication date of each infringing publication, and on or about the date of any subsequent print runs that Defendant ordered of those infringing publications[,]" Compl. ¶ 24, but the Complaint nowhere identifies which specific publications are at issue. The READ 180 Program is composed of hundreds of titles that contain tens of thousands of images. The omission of the publication titles or any other indication as to the time frame of the alleged infringement is fatal to Plaintiffs' copyright claims. *See Palmer Kane LLC*,

7

2013 WL 709276, at *3 ("Although Exhibit A, listing Palmer Kane's works contains an invoice date for each of the images, the complaint makes no mention of these dates, let alone how they relate to a time period in which Scholastic infringed on Palmer Kane's copyrights"); *Lennon v. Seaman*, No. 99 Civ. 2664, 2002 WL 109525, at *6 (S.D.N.Y. Jan. 28, 2002) (dismissing claims related to 347 photographs where defendant used "only generic and imprecise language" to allege infringement and failed to identify "by what acts" and "at what time" his works were infringed); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) ("The mere allegation that [Defendant] procured a license to use a copyrighted photograph, which Gruner [co-defendant] later published beyond the scope of that license, is too broad and sweeping to satisfy Rule 8.").

Plaintiffs try to mask the lack of any factual support under the veil of Scholastic's purported "Pattern of Infringement." *See* Compl. ¶¶ 40-44. However, the pleading standards do not permit Plaintiffs to make this inferential leap, which is itself unsupported, to survive a motion to dismiss. *See, e.g., Cole*, 2012 WL 3133520, at *12 (dismissing copyright claims where plaintiff tried, unsuccessfully, to claim that because "[Defendant] allegedly obtained access to the 66 photographs listed in the chart [attached to plaintiff's complaint] and published certain of these photographs in some of the 40 publications that were identified in another action as containing unlicensed photographs, [Defendant] is likely to have infringed his rights in at least one of these 66 photographs.").

Simply put, vague and conclusory allegations of infringement, lacking even the name of the publication in which the image identified appears or a timeframe of the alleged infringement, cannot state valid claims for copyright infringement. The Complaint fails to spell out, for each Plaintiff, what images were infringed, when and how – very basic information that Scholastic would need in order to respond. These are exactly the type of pleadings that the Federal Rules

8

are intended to prohibit.   Scholastic should not be made to guess at Plaintiffs' claims.

Accordingly, Plaintiffs' copyright claims must be dismissed.

## CONCLUSION

For each of the foregoing reasons, Scholastic respectfully request that the Court grant its motion to dismiss the Complaint in its entirety.

Dated: August 15, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
bgoldman@fkks.com

*Attorneys for Defendant Scholastic Corporation*
